UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| CARIOL J. HORNE<br>48 C STREET<br>BUFFALO, NEW YORK 14211 | **COMPLAINT<br>IN A<br>CIVIL ACTION** |
| PLAINTIFF, | |
| -VS- | Docket No: |

BUFFALO POLICE BENEVOLENT ASSOCIATION, INC.
74 FRANKLIN STREET
BUFFALO, NEW YORK 14202

ROBERT P. MEEGAN, JR., INDIVIDUALLY AND
AS PRESIDENT OF THE
BUFFALO POLICE BENEVOLENT ASSOCIATION, INC.
74 FRANKLIN STREET
BUFFALO, NEW YORK 14202

THE CITY OF BUFFALO, A MUNICIPAL CORPORATION
BYRON W. BROWN, AS MAYOR
CITY HALL
BUFFALO, NEW YORK 14202

H. McCARTHY GIPSON, AS COMMISSIONER
CITY OF BUFFALO POLICE DEPARTMENT
74 FRANKIN STREET
BUFFALO, NEW YORK 14202

LAW OFFICES OF W. JAMES SCHWAN
295 MAIN STREET, SUITE 700
BUFFALO, NEW YORK 14203

W. JAMES SCHWAN, ESQ., INDIVIDUALLY
295 MAIN STREET, SUITE 700
BUFFALO, NEW YORK 14203

DEFENDANTS,
_____

Plaintiff, in the above-captioned action, through her undersigned attorneys, respectfully alleges and prays as follows:

## NATURE OF THE ACTION

1.      This civil action, seeking equitable and injunctive relief, compensatory damages, punitive damages, costs, fees, interests and attorney's fees, is brought on behalf of City of Buffalo Police Officer Cariol J. Horne pursuant to 29 U.S.C. § 185 against Defendants for wanton, reckless, malicious and unlawful actions, to wit: (a) breaching the Collective Bargaining Agreement (hereafter "CBA") by and between The City of Buffalo and the Buffalo Police Benevolent Association, Inc. (hereafter "PBA"); (b) for unfair labor practices; (c) breach of contract; (d) for breaching their duty of fair representation due and owing Plaintiff; (e) for promissory estoppel; (f) fraud; (g) intentional infliction of emotional distress; (h) negligent infliction of emotional distress; and (i) negligence for breaching their obligations to Plaintiff under its' Constitution and By-Laws and all duties and obligations implied in such Constitution and By-Laws by operation of applicable provisions of the National Labor Relations Act and the Labor-Management Relations Act.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to the National Labor-Management Relations Act, 29 U.S.C. § 185, without regard to the amount in controversy, although the amount in controversy is within the jurisdictional requirements of this Court. Plaintiff invoke this Court's pendent jurisdiction, pursuant to 28 U.S.C. § 1367.

## VENUE

3.      The venue of the action is properly placed in the United States District Court for the Western District of New York, pursuant to 28 U.S.C. § 1391 (b) and (c), because the events

giving rise to the claims set forth by Plaintiff in this Complaint have occurred in this federal judicial district and all parties are located within the Court's jurisdiction.

## THE PARTIES

4. Plaintiff, Cariol J. Horne is a duly appointed officer of the City of Buffalo Police Department and is a member in good standing of the Defendant Buffalo Police Benevolent Association, Inc. Plaintiff has been a Buffalo Police Officer since March 1988.

5. Defendant Buffalo Police Benevolent Association, Inc. is a corporation organized under the laws of the State of New York, with offices within the City of Buffalo. Defendant Buffalo Police Benevolent Association, Inc. is a labor organization representing Police Officers who are employed by the City of Buffalo.

6. Defendant Robert P. Meegan, Jr., at all times herein, was and continues to be the President of Defendant Buffalo Police Benevolent Association, Inc. and is sued as an individual and in his official capacity as President of Defendant Buffalo Police Benevolent Association, Inc.

7. Defendant City of Buffalo is a municipal corporation chartered under the laws of the State of New York with its' chief administrative officer being Mayor, with Byron W. Brown its' current Mayor.

8. Defendant City of Buffalo Police Department is an agency of the Defendant City of Buffalo, with its' chief administrative officer being Commissioner, with H. McCarthy Gipson being its current Commissioner.

9. Defendant Law Offices of W. James Schwan is a professional organization operating for the sole purpose of providing legal services and, at all times herein, did and

continues to provide legal counsel and services to Defendant Buffalo Police Benevolent Association, Inc.

10. Defendant W. James Schwan is an attorney duly licensed to practice law in the State of New York and is a principle operator of Defendant Law Firm of W. James Schwan. Defendant W. James Schwan, at all times herein, did and continues to provide legal counsel and services to Defendant Buffalo Police Benevolent Association, Inc. and is sued as an individual.

## DEMAND FOR TRIAL BY JURY

11. Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a jury trial of all issues so triable.

## STATEMENT OF FACTS

2007 Disciplinary Proceeding

12. On the 1st day of November, 2006 the Plaintiff, while on duty, responded to 707 Walden Avenue in the City of Buffalo after hearing a police radio call for police officer in need of assistance.

13. While at the 707 Walden Avenue call City of Buffalo Police Officer Gregory Kwiatkowski held civilian Neal Mack in a choke hold.

14. Plaintiff did remove Gregory Kwiatkowski's arm from around Neal Mack's throat, thereby relieving the near fatal choke hold that Gregory Kwiatkowski held Neal Mack.

15. Gregory Kwiatkowski did strike Plaintiff in the face in response to Plaintiff's efforts to relieve the choke hold that Gregory Kwiatkowski had placed Neal Mack.

16. That by reason of and in consequence of the reckless and malicious assault by Gregory Kwiatkowski, the Plaintiff sustained serious bodily injuries with accompanying pain and was rendered sick, sore, bruised and sustained, among other injuries, a right shoulder rotator

cuff tendonitis, a right shoulder partial thickness rotator cuff tear, a right shoulder AC joint arthrosis, and injury to the cervical spine, a broken and dislodged bridge in her mouth; that some of the injuries may be permanent; and that Plaintiff has, as a result thereof, for some time been confined to her bed and house and has required surgery, medicines and medical attention and has been prevented and will be prevented from pursuing her usual and ordinary vocation and has expended or incurred sums and will be required to expend and incur sums for medical and other attention.

17. As a result of the incident of November 1, 2006 Plaintiff and Plaintiff alone was charged with various departmental disciplinary charges with the possibility of both criminal indictment and termination of employment.

18. That Plaintiff and Gregory Kwiatkowski are both members of Defendant PBA and, up and until Plaintiff raised the issue of possible conflict of interest on or about July 16, 2007, both were being represented by Defendants PBA, the Law Offices of W. James Schwan and W. James Schwan, Esq.

19. That at no time did Defendants counsel Plaintiff on potential conflict of interest in their representing Plaintiff and Gregory Kwiatkowski

20. That, pursuant to the CBA, Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. had provided legal council to Plaintiff and had advised Plaintiff of her rights and obligations under the CBA.

21. That since the onset of on an internal departmental investigation of the November 1, 2006 incident at 707 Walden Avenue Plaintiff was provided legal counsel by Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq.

22. That, on or about July 16, 2007, Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq., did suddenly and without notice withdraw from legal representation of Plaintiff during the course of a departmental disciplinary proceeding, with such conduct on the part of Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. constituting a repudiation of procedures provided by the CBA.

23. That Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. knowingly, willfully and maliciously, acting in concert and conspiring with Defendants City of Buffalo and City of Buffalo Police Department, deceive and cause Plaintiff to detrimentally rely on their advice, counsel and assurances regarding the processing of Plaintiff's grievances, police department disciplinary proceedings procedures, as well as her rights and obligations pursuant to the CBA.

24. That, but for and as a direct consequence of Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. failure to provide unbiased counsel free of conflict of interests, Plaintiff became the target of departmental disciplinary proceedings, was compelled to represent herself at a departmental disciplinary hearing where she face termination and criminal charges, and subsequently hire private legal counsel, all to Plaintiff's detriment.

2000 Wrongful Termination Claim

25. That, in 2005, Defendants the City of Buffalo and the City of Buffalo Police Department was ordered by the Supreme Court of the State of New York to reinstate Petitioner to her job as a City of Buffalo Police Officer.

26. That, in 2005, Defendants the City of Buffalo and the City of Buffalo Police Department was ordered by the Supreme Court of the State of New York pay damages arising out of their wrongful termination of Plaintiff.

27. After more than two years Defendants City of Buffalo and the City of Buffalo Police Department have failed to pay Plaintiff damages arising out their wrongful termination of Plaintiff more than seven years ago.

28. Moreover, on or about September 25, 2007 Plaintiff discovered that Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. have continued to refuse to process or negotiate the damage claim of Plaintiff, or cause a remedy hearing in Plaintiff's wrongful termination claim by invoking arbitration.

29. That Plaintiff was wrongfully terminated in 2000, reinstated to her job in 2005 and discovered in September 2007 that the Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. failed to properly and timely process her wrongful termination grievance, all to the detriment of Plaintiff.

Plaintiff's Grievances

30. Since July 16, 2007 Plaintiff has filed several grievances with Defendants PBA and Robert P. Meegan, Jr. and against Defendants City of Buffalo and the City of Buffalo Police Department alleging breach of the CBA.

31. Since July 16, 2007 Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. have willfully refused to timely and properly process Plaintiff's grievances against Defendants City of Buffalo and the City of Buffalo Police Department.

32. That Defendant City of Buffalo and the City of Buffalo Police Department's

breach of the CBA and Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. refusal to process Plaintiff's grievances, both, *inter alia*, which are in retaliation for Plaintiff's defense of police department disciplinary charges filed against in Plaintiff in 2007.

<u>Defendant's Actions in Concert</u>

33. That Defendants, all acting in concert, conspire to deny Plaintiff her rights as afforded by the CBA, the rules of the Defendant PBA, the Labor Management Relations Act and the National Labor Relations Act.

**COUNT I**
**AGAINST ALL DEFENDANTS**

**Breach of Section 301 of Labor Management Relations Act**
**Violation 29 U.S.C. § 185**
**(Breach of Collective Bargaining Agreement)**

34. Plaintiff hereby repeat, reiterate and realleges, as if fully restated herein, all statements and allegations contained in the preceding paragraphs and further state and allege as follows.

35. By the acts set forth above and is entitled under the CBA, Defendants breached the CBA and Plaintiff's, and rights under the same, in violation of Section 301 of the Labor Management Relations Act.

36. Plaintiff has no internal contract remedies since she has been specifically singled out and barred from using the grievance procedures pursuant to the CBA and given the conduct of the Defendants in this case exhaustion of administrative remedies would be utterly futile.

37. That by reason of the foregoing, the Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

38. That the amount of compensatory and punitive damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT II
## AGAINST ALL DEFENDANTS
### Breach of Section 301 of Labor Management Relations Act
### Violation of 29 USC § 185
### (Unfair Labor Practices)

39. Plaintiff hereby repeat, reiterate and realleges, as if fully restated herein, all statements and allegations contained in the preceding paragraphs and further state and allege as follows.

40. By acts set forth above, Defendants have knowingly and intentionally conspired to deny Plaintiff her property rights vested in her employment.

41. Plaintiff alleges that the Defendants, in breach of the CBA and its duty of fair representation owed to Plaintiff under the provisions of the CBA did conspire to terminate Plaintiff from her employment, deny Plaintiff just compensation for her wrongful termination, bring false and malicious disciplinary charges against Plaintiff, and refuse to process Plaintiff's grievances, all constituting unfair labor practices in violation of 29 U.S.C. Section 185.

42. That by reason of the foregoing, the Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

43. That the amount of compensatory and punitive damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT III
## AGAINST DEFENDANTS
## BUFFALO POLICE BENEVOLENT ASSOCIATION, INC.
## ROBERT P. MEEGAN, JR.
## LAW OFFICES OF W. JAMES SCHWAN
## W. JAMES SCHWAN, ESQ.

**Breach of Section 301 of Labor Management Relations Act**

**Violation of 29 USC § 185**
**(Breach of Duty of Fair Representation)**

44. Plaintiff hereby repeat, reiterate and realleges, as if fully restated herein, all statements and allegations contained in the preceding paragraphs and further state and allege as follows.

45. That Defendant PBA has a duty to represent fairly all employees, including the Plaintiff, subject to the collective bargaining agreement. This duty extends to both the negotiation of a collective bargaining agreement and its' enforcement and administration.

46. Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. owed Plaintiff duty of care free of conflict of interests, as provided by the CBA as well as codes of ethnic governing attorney-client relations   .

47. Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. owed Plaintiff a duty of fair representation in investigation and handling of Plaintiff's complaints, grievances and/or disciplinary actions against Plaintiff by the Buffalo Police Department and in the negotiating the terms of settlement of said complaints, grievances and/or disciplinary actions.

48. Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. owed Plaintiff a duty of fair representation when they knew or should have known that the City of Buffalo Police Department would conduct interrogations, investigations and/or undertake disciplinary action against Plaintiff, before and after Plaintiff became a target of any investigation by the City of Buffalo Police Department.

49. Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. intentionally, knowingly, falsely, and maliciously and in bad faith

failed to negotiate and settle Plaintiff's wrongful termination claim, more than two years after the Appellate Division of New York Supreme Court sustained a lower Court decision affirming an arbitration award in favor of Plaintiff.

50. The Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. actions were arbitrary, discriminatory and in bad faith and the direct and proximate cause of Plaintiff's injuries, all in violation of the Section 301 of the Labor Management Relations Act and Section 9 of the National Labor Relations Act.

51. That by reason of the foregoing, the Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

52. That the amount of compensatory and punitive damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT IV
## AGAINST DEFENDANTS
## BUFFALO POLICE BENEVOLENT ASSOCIATION, INC.
## ROBERT P. MEEGAN, JR.
## LAW OFFICES OF W. JAMES SCHWAN
## W. JAMES SCHWAN, ESQ., INDIVIDUALLY

**Breach of the National Labor Relations Act**
**Violation of 29 U.S.C. Section 141, et. Seq.**

53. Plaintiff hereby repeat, reiterate and realleges, as if fully restated herein, all statements and allegations contained in the preceding paragraphs and further state and allege as follows.

54. At all times herein, Defendants were subject to a CBA, which prohibited the wrongful, unjust, or arbitrary termination or disciplining of Plaintiff.

55.     The Defendants have an obligation and duty to follow the CBA, all applicable federal statutes and regulations, including but not limited to the National Labor Relations Act, 29 U.S.C. Section 141, et. seq.

56.     That Defendants have an obligation and duty to follow and/or refrain from violating the terms of 19 U.S.C. Section 158 pertaining to fair labor practices and the federal legal precedent in interpreting said provisions, specifically the provisions set forth in *NLRB v. J. Weingarten, Inc. (1975), 420 U.S 251, 95 S.Ct. 959, 43 L.Ed.2d 171*.

57.     By refusing to represent Plaintiff in any way in grievances against Defendants City of Buffalo and the City of Buffalo Police Department, and by conspiring with Defendants City of Buffalo and the City of Buffalo Police Department, Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. breached their duty of fair representation to Plaintiff and has acted in an arbitrary, capricious and bad faith manner toward Plaintiff in violation of Section 9 of the National Labor Relations Act.

58.     Plaintiff has no internal contract remedies since she has been specifically singled out and barred from using the grievance procedures pursuant to the CBA and given the conduct of the Defendants in this case exhaustion of administrative remedies would be utterly futile.

59.     That by reason of the foregoing, the Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

60.     That the amount of compensatory and punitive damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### COUNT V
### AGAINST ALL DEFENDANTS

#### Breach of Contract

61.      Plaintiff hereby repeat, reiterate and realleges, as if fully restated herein,

all statements and allegations contained in the preceding paragraphs and further state and allege as follows.

62. Defendants, by virtue of the CBA and local laws of the City of Buffalo and the State of New York owed Plaintiff contractual obligations.

63. By the acts set forth above, Defendants breached their contractual obligations to Plaintiff in wrongfully terminating Plaintiff, continue to wrongfully prosecute Plaintiff through a disciplinary hearing, failing to process Plaintiff's grievances, and absolute failure to pay Plaintiff for damages arising out of their illegal and wrongful termination of Plaintiff.

64. That by reason of the foregoing, the Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

65. That the amount of compensatory and punitive damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT VI
## AGAINST DEFENDANTS
## BUFFALO POLICE BENEVOLENT ASSOCIATION, INC.
## ROBERT P. MEEGAN, JR.
## LAW OFFICES OF W. JAMES SCHWAN
## W. JAMES SCHWAN, ESQ., INDIVIDUALLY

**Promissory Estoppel: Breach of Duty of Fair Representation**

66. Plaintiff hereby repeat, reiterate and realleges, as if fully restated herein, all statements and allegations contained in the preceding paragraphs and further state and allege as follows.

67. By the acts set forth above, Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. induced Plaintiff to allow them to provide legal representation, advocacy, and unbiased loyalty free of conflict of interest and prejudice and provided all of the benefits as provided by the terms and conditions of the CBA.

68. Plaintiff, to her detriment, relied on the promises, inducements, and proclamations of Defendants PBA, Robert P. Meegan, Jr., the Law Offices of W. James Schwan and W. James Schwan, Esq. and because of such reliance has sustained serious and permanent damages.

69. That by reason of the foregoing, the Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

70. That the amount of compensatory and punitive damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT VII
## AGAINST ALL DEFENDANTS

### Promissory Estoppel: Fraud

71. Plaintiff hereby repeat, reiterate and realleges, as if fully restated herein, all statements and allegations contained in the preceding paragraphs and further state and allege as follows.

72. That Defendant PBA, acting in concert with the other Defendants, did knowingly, maliciously and recklessly, after inducement, conceal from Plaintiff the true status of her grievances, including the settlement status of her wrongful termination claim, causing great economic loss and emotional distress to Plaintiff.

73. That Defendant PBA, acting in concert with the other Defendants, did knowingly, maliciously and recklessly conceal from Plaintiff the true status of her grievances with the intent of depriving Plaintiff of just and fair compensation and benefits for the illegal and wrongful acts of Defendant City of Buffalo Police Department.

74. That Defendant PBA, acting in concert with the other Defendants, engaged in constructive fraud upon Plaintiff and violated a duty of fairness and fair dealing imposed as a matter of the Labor Management Relations Act and the National Labor Relations Act.

75. That the acts of the Defendant PBA, acting in concert with the other Defendants, has resulted in defrauding Plaintiff of the compensation and benefits Plaintiff could have reasonably expected to receive.

76. That by reason of the foregoing, the Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

77. That the amount of compensatory and punitive damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT VIII
## AGAINST ALL DEFENDANTS

### Negligent Infliction of Emotional Distress

78. Plaintiff hereby repeat, reiterate and realleges, as if fully restated herein, all statements and allegations contained in the preceding paragraphs and further state and allege as follows.

79. The Defendants, in concert and each of them, acted negligently to cause Plaintiff to suffer a malicious prosecution by disciplinary hearing conducted by the City of Buffalo Police Department, and as such acted in their roles in a manner that was extreme and outrageous, and causing the prosecution, defaming, and humiliation of the Plaintiff.

80. Said emotional harm was exacerbated by the sustained and prolonged wrongful prosecution of Plaintiff, which was perpetuated by Defendants with the intention of causing extreme further harm and duress to the Plaintiff.

81. The above mentioned negligence of the Defendants caused and/or resulted in the malicious, reckless, and wrongful conduct against Plaintiff, which was extreme, outrageous, callous, malicious, and dangerous to the mental and emotional well-being and professional career of Plaintiff.

82. It was foreseeable to the Defendants that their conduct would cause severe and extreme emotional harm to Plaintiff.

83. Said harm did in fact occur in this case, in that the Plaintiff was injured to the point where she still suffers from extreme and permanent episodes of anxiety, fear, anger, loss of sleep, and other impingements of her emotional well-being.

84. That by reason of the foregoing, the Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

85. That the amount of compensatory and punitive damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT IX
## AGAINST ALL DEFENDANTS

### Intentional Infliction of Emotional Distress

86. Plaintiff hereby repeat, reiterate and realleges, as if fully restated herein, all statements and allegations contained in the preceding paragraphs and further state and allege as follows.

87. The Defendants, acting in concert and each of them, knowingly and intentionally acted outrageously in the malicious and wrongful prosecution of Plaintiff, they failed to adhere to laws, rules and regulations known to them, failed to heed Plaintiff's protestation, and subjected Plaintiff to protracted prosecution, intimidation and public humiliation.

88. Defendants acted outrageously in willfully, knowingly and recklessly making false statements and giving false testimony about Plaintiff in order to ensure her demise and conviction.

89. Said emotional harm was exacerbated by the persistence of Defendants in their

contribution to the maintenance of the false claims and departmental charges against the Plaintiff although all proof and evidence indicated that Plaintiff was not involved in any alleged wrongful conduct. These facts were known by the Defendants, yet they persisted in facilitating the prosecution of Plaintiff with the intention of causing extreme harm and duress to the Plaintiff.

90. The Defendants knew that their conduct would cause severe and extreme emotional harm to the Plaintiff and injury to the Plaintiff's good name and reputation.

91. Said harm did in fact occur in this case, in that the Plaintiff suffers from anxiety, anger, loss of sleep and other impingement of the emotional good health; to this extent the Plaintiff will/has had to seek support and counseling within the family and will seek professional psychological counseling.

92. That by reason of the foregoing, the Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

93. That the amount of compensatory and punitive damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## COUNT X
## AGAINST ALL DEFENDANTS

### Negligence

94. Plaintiff hereby repeat, reiterate and realleges, as if fully restated herein, all statements and allegations contained in the preceding paragraphs and further state and allege as follows.

95. Defendants, acting in concert and each of them, carelessly, recklessly, and negligently accused and wrongfully identified Plaintiff as a person who was engaged in some form of wrongful activity and did cause the City of Buffalo Police Department to make

unwanted and unwarranted contact with Plaintiff's person as stated herein above, without Plaintiff's consent.

96. Defendants were under a legal duty not to falsely charge, accuse or identify Plaintiff or any other similarly situated individuals of wrongful conduct. Defendants were under a duty to use reasonable care to avoid such false claims. Defendants breached their duty when they negligently, recklessly and carelessly accused, charged and caused the wrongful prosecution of Plaintiff without her permission and without any reasonable basis.

97. In actively inflicting and failing to prevent the above stated abuses incurred by the Plaintiff, the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of care and due diligence.

98. The breach of duty by the Defendants was a direct and proximate cause of the harms suffered by Plaintiff. Said harms include pain and suffering, which continues to this day, personal and public humiliation, damage to reputation and loss of standing in the community, and severe emotional and psychological damage, resulting in the need to seek professional counseling for the trauma which she incurred.

99. As a proximate result of the acts of Defendants, Plaintiff sustained serious injuries/damages. Plaintiff suffers from intense anxiety and distress, mental anguish, pain and suffering, humiliation, personal discomfort, and legal fees and costs, among other things.

100. That by reason of the foregoing, the Plaintiff has suffered damages in an amount to be determined upon the trial of this action.

101. That the amount of compensatory and punitive damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**PRAYER FOR RELIEF**

*WHEREFORE*, Plaintiff prays that this Court:

1. Assume jurisdiction of this action, and

2. Grant Plaintiff compensatory damages against Defendants, joint and severally, for back-pay, lost benefits, loss of opportunity, pain and suffering, and

3. Grant Plaintiff punitive damages against Defendants, joint and severally, for the wanton, reckless, malicious and unlawful actions set forth herein, and

4. Injunctive relief ordering Defendants to refrain from engaging in unfair labor practices and all other conduct complained of herein, and

5. Grant Plaintiff attorney fees and costs, and

6. Issue Orders as are just, necessary, and proper and such other and further relief as the Court deems just and proper.

Dated: November 16, 2007
Buffalo, New York

                                            Respectfully,

                                            /s/ Anthony L. Pendergrass
                                            Anthony L. Pendergrass, J.D., LL.M.
                                            *Attorneys for Plaintiff*
                                            295 Main Street, Suite 984
                                            Ellicott Square Building
                                            Buffalo, New York 14203
                                            (716) 400-3225