UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARIOL J. HORNE,

                          Plaintiff,

           -vs-                                      07-CV-781C

BUFFALO POLICE BENEVOLENT ASSOCIATION,
INC., et al.,

                          Defendants.

---

Plaintiff has filed a motion for a temporary restraining order ("TRO") and a preliminary injunction (Item 23). She seeks an order enjoining the City of Buffalo from terminating her salary and medical benefits, compelling the City to reinstate her to injured on duty ("IOD") status retroactive to February 15, 2008, and enjoining the defendants from interfering with or delaying her applications for New York State and Social Security disability benefits. For the reasons that follow, the motion for a TRO and preliminary injunction is denied.

## BACKGROUND and FACTS

Plaintiff commenced this action with the filing of a complaint on November 16, 2007 (Item 1). She filed an amended complaint on February 8, 2008 (Item 12), asserting causes of action pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 2000e, 29 U.S.C. § 185, and state law causes of action for breach of contract, breach of duty of fair representation, promissory estoppel, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. On February 28, and March 3, 2008, defendants

filed motions to dismiss the amended complaint (Items 13, 14). Following a motion to extend the time in which to respond, plaintiff was directed to respond to the motions to dismiss on or before May 30, 2008 (Item 21). On that date, without leave of court, plaintiff filed a second amended complaint and the instant motion (Items 22, 23). Defendants filed responses to the motion on June 16, 2008 (Items 25, 27, 28). Plaintiff has filed replies (Items 30-32).

In her amended complaint, plaintiff alleges that she was a member of the Buffalo Police Department since March 1988 (Item 12, ¶ 10). On November 1, 2006, she responded to a radio call for a police officer in need of assistance. Plaintiff went to 707 Walden Avenue in the City of Buffalo and observed another officer holding a civilian in a "choke hold." Plaintiff alleges that she removed the officer's arm from the suspect's throat, was struck in the face by the other officer, and sustained various injuries. *Id.,* ¶¶ 18-22.

As alleged in her improperly-filed second amended complaint, plaintiff was placed in IOD status on November 2, 2006 and received salary and benefits pursuant to New York General Municipal Law § 207-c. However, on September 24, 2007, IOD status was rescinded. It was then reinstated on October 2, 2007. Plaintiff remained on IOD status until February 15, 2008 (Item 22, ¶¶ 30-33).

Plaintiff was charged with departmental violations as a result of the incident of November 1, 2006. A formal disciplinary hearing was conducted over 11 days between July 12, 2007 and February 27, 2008. Hearing Officer Thomas N. Rinaldo found plaintiff guilty of 10 disciplinary charges and recommended that she be removed from her position (Item 28, Exh. A). On May 8, 2008, plaintiff's employment was terminated and she was advised that her salary and benefits would likewise terminate effective June 1, 2008 (Item

22, ¶ 39).

## DISCUSSION

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and citation omitted); *see also Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005). A party seeking a preliminary injunction ordinarily must show: (1) a likelihood of irreparable harm in the absence of the injunction; and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, with a balance of hardships tipping decidedly in the movant's favor. *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008); *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004). When the movant seeks a "mandatory" injunction - that is, as in this case, an injunction that will alter rather than maintain the status quo - she must meet the more rigorous standard of demonstrating a "clear" or "substantial" likelihood of success on the merits. *Donninger,* 527 F.3d at 47; *Sunward,* 362 F.2d at 24-25.

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Rodriguez ex rel. Rodriguez v. DeBuono,* 175 F.3d 227, 233-34 (2d Cir. 1999) (citations and internal quotation marks omitted). Because of this, "the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.,* at 234 (citations and internal quotations omitted). In order to show irreparable harm, a plaintiff must show an injury that is both

"actual and imminent" and "cannot be remedied by an award of monetary damages." *Shapiro v. Cadman Towers Inc.*, 51 F.3d 328, 332 (2d Cir. 1995) (internal quotation marks omitted) (citing *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)).  If the movant fails to make a showing of irreparable harm, the motion fails. *See Rodriguez*, 175 F.3d at 234.

Plaintiff has failed to sustain her burden on this motion.  While plaintiff seeks to enjoin the defendants from interfering with her disability applications and compel the defendants to restore her to IOD status, the primary relief she seeks, salary and medical benefits pursuant to New York General Municipal Law § 207-c, is monetary.  Monetary loss will not amount to irreparable harm unless the movant provides evidence of damage that cannot be rectified by financial compensation. *Borey v. Nat'l Union Fire Ins. Co.,* 934 F.2d 30, 34 (2d Cir. 1991).

Additionally, plaintiff has not shown a likelihood of success on the merits.  General Municipal Law § 207-c provides that a police officer, injured in the performance of his or her duties, shall be paid the full amount of regular salary and medical expenses until the disability has ceased.  N.Y. Gen. Mun. Law § 207-c(1) (McKinney 2008).  Relying on *Connors v. Bowles,* 405 N.Y.S.2d 762 (N.Y. App. Div. 1978), *app. dismissed,* 381 N.E.2d 610 (N.Y. 1978), plaintiff argues that she is entitled to section 207-c benefits beyond the date of her termination, until it is determined that she is able to return to work.  However, the court in *Connors* limited its holding to those cases in which the employee was terminated "by other than his own act." *Id.; see also Pease v. Colucci,* 399 N.Y.S.2d 519 (N.Y. App. Div. 1977) (lieutenant in Buffalo Fire Department, injured on duty and whose

position was abolished for economic reasons, was entitled to salary and medical benefits under General Municipal Law from the time of his on-duty injury as long as the injury continued).  When a police officer is terminated from service based on a disciplinary hearing and determination that she was guilty of misconduct, she is not entitled to continued benefits under section 207-c.  *Dacey v. Dutchess County,* 503 N.Y.S.2d 845 (N.Y. App. Div. 1986).  Plaintiff also argues that she is entitled to a due process hearing prior to the termination of section 207-c benefits.  Plaintiff was afforded such process by virtue of the hearing and final determination of the charges of misconduct justifying her removal from the Buffalo Police Department.  *Id.*  As plaintiff has failed to establish irreparable harm and the likelihood of success on the merits, she is not entitled to the extraordinary remedy of a TRO and preliminary injunction.

## CONCLUSION

The motion for a TRO and preliminary injunction is denied.  The court will consider the second amended complaint as a proposed pleading.  Plaintiff must respond to the motions to dismiss the complaint or file a motion for leave to amend the complaint on or before July 21, 2008.  Defendants shall have an opportunity to respond/reply by August 4, 2008.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   July 7, 2008
p:\pending\2007\07-781.june2608

5