**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**
_____

**CARIOL J. HORNE**
**48 C STREET**
**BUFFALO, NEW YORK 14211**

                       **PLAINTIFF,**

          **-VS-**

**BUFFALO POLICE BENEVOLENT ASSOCIATION, INC.**
**74 FRANKLIN STREET**
**BUFFALO, NEW YORK 14202**

**ROBERT P. MEEGAN, JR., INDIVIDUALLY AND**
**AS PRESIDENT OF THE**
**BUFFALO POLICE BENEVOLENT ASSOCIATION, INC.**
**74 FRANKLIN STREET**
**BUFFALO, NEW YORK 14202**

**THE CITY OF BUFFALO, A MUNICIPAL CORPORATION**
**BYRON W. BROWN, AS MAYOR**
**CITY HALL**
**BUFFALO, NEW YORK 14202**

**TRACEY HEALY-BARKER, AS**
**DIRECTOR OF COMPENSATION & BENEFITS**
**HUMAN RESOURCES DEPARTMENT**
**CITY OF BUFFALO**
**1007 CITY HALL**
**BUFFALO, NEW YORK**

**H. McCARTHY GIPSON, AS COMMISSIONER**
**CITY OF BUFFALO POLICE DEPARTMENT**
**74 FRANKIN STREET**
**BUFFALO, NEW YORK 14202**

**BYRON LOCKWOOD, AS 1ST DEPUTY COMMISSIONER**
**CITY OF BUFFALO POLICE DEPARTMENT**

**PLAINTIFF'S REPLY**
**DECLARATION IN OPPOSITION**
**TO DEFENDANTS MOTION TO**
**DISMISS**

**Docket No: 07-cv-0781 C**

1

**74 FRANKLIN STREET**
**BUFFALO, NEW YORK 14202**
**LAW OFFICES OF W. JAMES SCHWAN**
**295 MAIN STREET,  SUITE  700**
**BUFFALO, NEW YORK 14203**

**W. JAMES SCHWAN, ESQ., INDIVIDUALLY**
**295 MAIN STREET,  SUITE  700**
**BUFFALO, NEW YORK 14203**

**DEFENDANTS,**

_____

## DECLARATION OF ANTHONY L. PENDERGRASS IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS

Anthony L. Pendergrass, Esq., attorney for Petitioner Cariol J. Horne, affirms, under penalties of perjury, to be true the following:

1.      That I am an attorney at law duly admitted to practice within the State of New York, and within the District Court for the Western District of New York.

2.      That I am thoroughly familiar with the facts and circumstances surrounding the above captioned Civil Action by reason of conferences with the Plaintiff and review of the prior pleadings and proceedings heretofore had herein.

3.      That this affirmation is made in opposition to Defendant's Motions to Dismiss Plaintiff's 2nd Amended Complaint in a Civil Action.

4.      The Defendants in the above entitled action have moved pursuant to Federal Rule of Civil Procedure (FRCP) Rule 12, to dismiss Plaintiff's lawsuit for failure to state a claim upon which relief can be granted.  The United States Supreme Court, in the perennial case on FRCP § 12 (b) (6), stated that all that is required in the complaint is a "short and plain statement" that

gives fair notice to the defendant of the claims made against him. *Conley v. Gibson,* 355 U.S. 41, 47 (1957).  This court further opined that FRCP 8(f) requires that all pleading be so construed as to do substantial justice, and that the purpose of pleadings were to "facilitate a proper decision based on the merits." 355 U.S., at 48.

5.     The proper function of the court "is not to assess the strength or the weakness of Plaintiff's case, but only to determine whether they are entitled to offer evidence in support of their claims, *Packer v. Yampol* 630 F.Supp. 1237, 1240 (U.S. Dist. Ct. S.D.N.Y., 1986).   In determining whether to dismiss a complaint for failure to state a claim the court must accept the factual allegations in the complaint as true, after which a complaint can be dismissed only if  it does not provide enough factual matter in support of the claim to raise a reasonable expectation that Plaintiff is entitled to relief. See, *Bell Atlantic Corporation et al. v. Twombly et al.*, 550 U.S. 544, 127 S.Ct. 1955 (2007).

## PLAINTIFF'S SIXTH, SEVENTH, EIGHTH, AND NINTH CAUSES OF ACTION

6.     From the outset Plaintiff concedes that this Court should dismiss the following counts in Plaintiffs complaint: Count VI, Count VII, Count VIII, and Count IX; after an exhaustive perusal of the law in this area, Plaintiff agrees with the Defendants that she cannot avail herself of the protections of the LMRA or NRLA because she is not of the class of individuals that are protected by these acts.

## PLAINTIFF'S ELEVENTH AND TWELFH CAUSES OF ACTION

7.     However, the Courts in New York have recognized that public sector unions have a duty of fair representation that is similar to the federal duty of fair representation promulgated under federal statutory provisions, which is predicated on the union's role as exclusive bargaining representative. See, Civil Serv. Bar Assoc., Local 237, Intl Brotherhood of Teamsters

3

v. City of New York, 64 N.Y.2d 188, 196, 485 N.Y.S.2d 227, 230-231.

8.     Plaintiff has alleged in this action that the Buffalo Police Benevolent Association ("union") was her bargaining representative and did refuse to represent her in a step three grievance hearing and contravention of the union's contractual obligations to represent Plaintiff (complaint ¶ 37); the union did, suddenly and without notice, withdraw from representing her at her disciplinary hearing on July 16, 2007, and their conduct constituted a repudiation of the procedures under the CBA, and rules and regulation of the union (complaint ¶ 49); the union failed to provide unbiased counsel free of conflict of interest and collusion and compelled Plaintiff to represent herself at a departmental hearing where she was facing termination and was subsequently terminated (complaint ¶ 53); and, furthermore, the union refused to process or negotiate her damage claim from her wrongful termination in 2000, and has refuse to process her grievances in a timely manner since July of 2007.

9.     In Counts XI and XII Plaintiff has alleged that the union breached its duty of fair representation to Plaintiff by acting in a manner that was arbitrary, capricious, and in bad faith toward the Plaintiff by providing her with biased, conflicted and prejudicial representation (complaint ¶¶ 141, 143); the Courts have noted that the duty of fair representation is violated "when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." 64 N.Y.2d at 196.

10.     The Court can, and the Plaintiff respectfully request that this Court exercise its pendent jurisdiction pursuant to 28 U.S.C. § 1367.

11.     For the reasons stated herein, the remainder of Plaintiff's complaint also states a claim upon which relief can be granted, therefore defendants' 12(b)/(c) motion to dismiss should be denied.

## PLAINTIFF'S CENTRAL ALLEGATIONS

12.     That between June 2000 and May 2008, the City and Buffalo Police Department Defendant embarked on a course of conduct that adversely impacted her employment and promotional opportunities; these Defendants maintained a vendetta against Plaintiff that resulted in Plaintiff being terminated from her employment, and after being returned to work by Order of the New York State Appellate Division, Fourth Department, Plaintiff was continually and systematically subjected to a hostile work environment and further discrimination, harassment, and retaliation; this course of conduct culminated in Plaintiff being terminated again in May of 2008 (complaint ¶¶ 20-62).

13.     This conduct was so bad at points that an arbitrator found that Plaintiff was subjected to "disparate treatment when compared to other officers in the BPD (complaint ¶ ¶ 26-27)."

14.     That the City, BPD, and Tracey Healy-Barker arbitrarily and capriciously removed her from IOD status in retaliation for Plaintiff exercising her constitutional right to a disciplinary hearing opened to the public, and they did so without affording Plaintiff a statutorily required due process hearing, and that this conduct had a detrimental effect on the salary and benefits payable to Plaintiff (complaint ¶¶ 34-36).

15.     That Defendants Meegan, BPBA, and Law Office of W. James Schwan and W. James Schwan (as one in the same. See Affidavit of W. James Schwan dated March 19, 2009, ¶ 12) as the representative unit of Plaintiff had a duty to fairly represent Plaintiff without bias or conflict, but, they however, engaged in a course of conduct to the contrary; Defendants suddenly and without notice withdrew from their representation of Plaintiff during her July 2007, hearing leaving her without counsel, they refused to represent her at her later grievance proceedings, and

refused to accept and/or timely pursue and properly process Plaintiff's grievances (complaint ¶¶ 37, 38, 39, 43, 49, 51, 52, 53, 57-61).

16.     Plaintiff's final contention was that the Defendants acted in concert to create a hostile work environment, to discriminate and retaliate against Plaintiff, and to deny her rights as afforded by the CBA, the rules of Defendant PBA, the rules and regulations of the City of Buffalo Police Department, the constitution and laws of the United States, and of the State of New York (complaint ¶ 62).

## PLAINTIFF'S FIRST CAUSE OF ACTION

17.     Federal Courts have uniformly opined that pleadings do not need detail factual allegations, but are intended to give Defendants fair notice of what is being claimed and the grounds upon which the pleader believes she is entitled to relief. 550 U.S. 554 (2007); see also, Galvez v. The New York Mortgage Company, LLC., 2005 WL 2124112 (S.D.N.Y.  2005) ("Rule 8 (a) requires that the plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 (a), Fed R. Civ.P. Pleadings are to give "fair notice" of a claim and "the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case…Indeed, because Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, "extensive pleading of facts is not required." (citation omitted). With respect to complaints of employment discrimination, such pleading need not "contain specific facts establishing a prima facie case of discrimination" in order to survive a motion to dismiss

18.     Plaintiff's first cause of action alleges a violation of 42 U.S.C. 1981, which "prohibits all racial discrimination, whether or not under color of state law," and which is violated when a person is denied the same opportunity to enter into or enforce a contract solely

because of his race or gender.  *General bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 387-388 (1982).  Essential to a 1981 action are allegations that the defendants' actions were purposefully discriminatory,  *Albert v. Carovano*, 851 F.2d 561, 571 (2nd Cir. 1988), and that the complaint must consist of more than naked assertion, and must set forth facts on which a civil rights violation could be found.  *Martin v. New York State Department of Mental* Hygiene, 588 F.2d 371, 372 (2nd Cir. 1978); *William v. Greendolf, Inc.,* 735 F.Supp. 137, 139, citing *Martin*, supra and finding that plaintiff's allegations that met the requirements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), stated a Title VII claim. The elements of a § 1981 claim which plaintiff must allege facts in  support of*,* like those under *McDonnell Douglas,* are: 1) the plaintiff is a member of a protected group; 2) an intent by the defendant's to discriminate based on plaintiff's membership in the protected group; and 3) the discrimination concerned an enumerated activity in the statute. *Mian v. Donaldson, Lufkin, & Jenrette Securities Corporation*, 7 F.3d 1085, 1087 (2nd Cir. 1993); *Odom v. Columbia University*, 906 F.Supp. 188, 194 (S.D.N.Y. 1995); *Hicks v. IBM, et al.*, 44 F.Supp.2d 593 (S.D.N.Y. 1999).

19.     In the above entitled action the plaintiff has alleged the necessary facts in support of her §1981 action. Those facts being that, plaintiff is a black female (*Complaint* ¶ 10).  That on or about June 2000 through May of 2008, Defendants purposefully engaged in a course of conduct that impermissibly subjected Plaintiff to a hostile work environment, discrimination and retaliation and which adversely impacted her employment and promotional opportunities resulting in her being terminated from her employment (complaint ¶¶ 20-62).

20.     The Plaintiff, pursuant has property alleged a claim under 42 U.S.C. § 1981. At this stage it is simply to early to dismiss Plaintiff's 42 U.S.C§ 1981 claim; therefore, Defendants' Rule 12 motion to dismiss plaintiff's first cause of action must be denied as to all Defendants.

**PLAINTIFF'S SECOND CAUSE OF ACTION**

21.     As its second cause of action the plaintiff claims a violation of 42 U.S.C. § 1983 in that the Defendants acting under the color of state law to deprive her of rights, privileges and immunities under the constitution by creating a hostile work environment, discriminating against Plaintiff, as well as retaliating against her for exercising certain rights, ultimately culminating with Plaintiff being terminated from her employment with the City  and BPD (*Complaint* ¶¶ 20-62).

22.      That as a result of the actions of these Defendants, Plaintiff was subjected to a hostile work environment, discriminated and retaliated against, then terminated Plaintiff's employment, in deprivation of her right to make and enforce contracts.

23.     Plaintiff has alleged that the acts, conduct, and course of conduct engaged in by Defendant H. McCarthy Gipson, as Commissioner of the Buffalo Police Department, and Tracey Healy-Barker, as Director of Compensation & Benefits Human Resource Department, and Byron Lockwood, As 1st Deputy Commissioner of the Buffalo Police Department, and directed at Plaintiff, resulted in her being subjected to discrimination, retaliation, a hostile work environment and termination, in deprivation of her right to make and enforce contract.

24.     In order to state a valid 42 U.S.C § 1983 claim, "Plaintiff must allege that: 1) her harm was caused by a constitutional violation; and 2) the City is responsible for the violation (citations omitted). See, Poulsen v. City of North Tonawanda, New York et al., 811 F.Supp 884 (W.D.N.Y. 1993). While liability of a municipality is limited to violations caused by official

governmental policy or custom, such policy or custom "may be inferred from the informal acts or omissions of supervisory municipal officials," by its persistent failure to discipline employees, which operates to condone their unconstitutional conduct, and on the basis of a policy that tolerates the unconstitutional acts of the municipality's employees. 811 F.Supp at 896.

25.     Plaintiff has alleged facts sufficient to state a cause of action under § 1983.  The court should again be mindful that the purpose of pleading is to put defendants on fair notice of plaintiffs claim, and facilitate a proper decision on the merits, *Conley*, supra.  Because the plaintiff has stated a claim for which relief may be granted, defendants' motion to dismiss should be denied as to all Defendants.

## PLAINTIFF'S THIRD CAUSE OF ACTION

26.     Plaintiff's third cause of action alleges that the defendant acted with intent or deliberate or reckless indifference in conspiring to adversely impact Plaintiff's employment and employment/promotional opportunities because of Plaintiff's race and sex, and in retaliation for Plaintiff exercising her rights under federal and state constitutions, thereby causing injury to plaintiff. (*Complaint* ¶¶ 79-87).  To state a valid § 1985 (3) claim the plaintiff most show that the defendants engaged in a 1) conspiracy, 2) that was for the purpose of depriving her, either directly or indirectly of her constitutional rights, 3) the defendants acted in furtherance of the conspiracy, 4) causing injury to the plaintiff, 5) depriving her of having and exercising any right or privilege of a United States' citizen.  *Griffin v. Breckenridge*, 403 U.S. 88, 103 (1971).

27.     This court found that where the complaint alleged that the respondent conspired to carry out an assault for the purpose of "preventing a Negro American... from seeking the equal protection of the law and from enjoying the equal right, privileges and immunities of the United States and Mississippi..." The court declared that these allegation met the requisite § 1985 (3)

9

animus to deprive petitioners of the equal enjoyment of their legal rights because of their race, the complaint stated a cause of action under § 1983(5).  Furthermore, "In cases involving racial discrimination, a particularly offensive class- based discrimination, the court has used a 'less onerous' test than for other claims."  *Girard v. 94th Street and Fifth Avenue Corporation*, 530 F.2d 66, 69 (2nd Cir. 1976).  In *Weise v. Syracuse University,* 522 F.2d 397, 408 (2nd Cir. 1975), the court found that even though the allegation of conspiracy in the complaint was sketchy, where the plaintiff alleged "that discriminatory action was taken against her by the defendant collectively and in concert with invidious intent," and that while the pleading was general and would benefit from particularization, it sufficiently alleged a cause of action under § 1985 (3).

28.     In the above entitled action the plaintiff's allegations in paragraphs 79-87 of her complaint, incorporated by reference plaintiff's factual allegations in paragraphs 20-62, *FRCP* 10 (c),   alleged that with racial animus the defendants conspired to adversely impact her employment and employment/promotional opportunities and retaliated against Plaintiff, such conduct violated Plaintiff's constitutional rights.

29.     Therefore under the third cause of action, the plaintiff has stated a claim for which relief may be granted.  Thus the defendant's motion to dismiss should be denied as to all defendants.

## PLAINTIFF'S FOURTH CAUSE OF ACTION

30.     In order for the plaintiff to state a valid claim under 42 U.S.C. § 1986, the plaintiff must state a valid § 1985 claim for which relief may be granted.  *Koch v. Mirza*, 869 F.Supp. 1031, 1038 (W.D.N.Y. 1994); *Dill v. Village of Gowanda*, 952 F.Supp. 989, 995 (W.D.N.Y. 1997). As plaintiff has stated a valid § 1985 claim for the reasons stated in the previous section

above, the plaintiff has thus stated a valid § 1986 claim.  Thus, Defendants' motion to dismiss as

to the plaintiff's fourth cause of action must be denied.

## PLAINTIFF'S FIFTH CAUSE OF ACTION

31.     In her fifth cause of action, Plaintiff alleges violation of 42 U.S.C. § 2000 e et seq.   To state a claim for which relief may be granted, Plaintiff must allege facts sufficient to meet the *McDonnell Douglas'* prima facie case.   For the reasons stated above in the section entitled "**PLAINTIFF'S FIRST CAUSE OF ACTION**," Plaintiff has sufficiently alleged a cause of action for which relief may be granted as to the Defendants' in their official capacities under 42 U.S.C. § 2000 e et seq.   While Defendants sued in their individual capacity have not move to dismiss the claims as individually alleged against them, Plaintiff concedes, that under applicable Second Circuit law, individuals may not be held personally liable under Title VII. *Tomka v. Seiler Corporation*, 66 f.3d. 1295, 1313 (2nd Cir. 1995).

32.     Therefore Defendants' motion to dismiss should be denied as to Defendants in their official capacity, and granted as to Defendants individually.

## PLAINTIFF'S TENTH CAUSE OF ACTION

33.     Plaintiff has alleged that the Defendants (all of them) by virtue of a Collective Bargaining Agreement owed to her contractual obligations which were breached when Defendants wrongfully terminated her employment, barred her from using the grievance procedures under the CBA, failed to pay her for damages arising from a previous wrongful termination, and as a consequence she has suffered damages.

34.     Plaintiff has adequately pleaded a cause of action sounding in breach of contract; therefore Defendants' motion to dismiss should be denied and this Court should exercise its pendant jurisdiction over this claim.

## PLAINTIFF'S THIRTEENTH AND FOURTEENTH CAUSES OF ACTION

35.     Plaintiff alleges here that the Defendants (all of them) concealed from her the true status of her grievances and settlement of her wrongful termination claim, which cause her

economic loss and emotional distress; and further, that such conduct defrauded her of the compensation and benefits she reasonably expected to receive.

36.     Plaintiff has adequately pleaded a cause of action sounding in fraud; therefore Defendants' motion to dismiss should be denied and this Court should exercise its pendant jurisdiction over this claim.

### PLAINTIFF'S FIFTEENTH, SIXTEENTH, SEVENTEENTH, AND EIGHTEENTH CAUSES OF ACTION

37.     Defendants have made no legal arguments supported by any law that would militate for dismissing these causes of action.

38.     Defendants the City, BPD, and Tracey Heal-Barker argue, disingenuously, that these causes of action should be dismissed because Plaintiff has failed to file a notice of claim; while Defendants may be correct that a notice of claim is a prerequisite to filing a state lawsuit, Plaintiff has filed her lawsuit in District Court for the Western District of New York.

39.     With regards to Plaintiffs GML 207-c claim Plaintiff has attempted to exhaust her state administrative remedies, which became futile when the Defendants refuse to timely and properly consider Plaintiff claim.

40.     Plaintiff has adequately pleaded causes of action sounding in Negligent Infliction of Emotional Distress, Intentional Infliction of Emotional Distress, Negligence, New York's General Municipal Law 207-c; therefore Defendants' motion to dismiss should be denied and this Court should exercise its pendant jurisdiction over this claim.

### STATE COURT ACTIONS

41.     Plaintiff has two actions (Index No. 2008-8689 and Index No. 2008-10228) pending before the Honorable Tracey Banister regarding her challenge to her termination. While there was a bench decision issued by former Judge Joseph Makowski, there were no orders

issued. This case is pending submission of Orders by the City and my Office. Nevertheless, these cases have no bearing on the allegations made herein regarding.

42.     There is no res judicata effect where there is no final order and where Plaintiff seeking restoration of her employment does not preclude her from addressing the Defendants unconstitutional conduct. See, 7 F.3d 1085 ("[Section 1981] embraces protection of a legal process, and of a right of access to legal process that will address and resolve contract-law claims without regard to race. In this respect, it prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, [and it] covers wholly private efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations, as well as discrimination by private parties").

43.     The same is true as to plaintiff's other state court actions; they do not preclude Plaintiff from enforcing her constitutional right.

44.     Finally, these matters are completely extraneous to this action and this Court should strike Defendants exhibits as having no bearing on this matter.

## CONCLUSION

In short Plaintiff, a member of a racial minority, was adversely impacted in her employment through creation of a hostile work environment, discriminatory and retaliatory practices, which were impermissibly base on her race and sex. Based on the reasons stated above the court should deny defendants' Fed. R. Civ. P.  Rule 12(b)(6) and (c), motion as to plaintiff's claims and dismiss only as to the individuals under plaintiff's Fifth Cause of Action. Furthermore, the court should be mindful that pleading should not be a game of art, and that all that is required in the complaint is a "short and plain statement" that gives fair notice to the

defendant of the claims against them. *Conley,* supra.   To this end, Defendants' have fair notice as to what Plaintiff's claims are.

**WHEREFORE**, plaintiff prays that this court will deny the defendants' motion as to Counts I, II, III, IV, V, X, XI, XII, XIII, XIV, XV, XVI, XVII, and XVIII for the reasons stated herein and above, and that this court enter such other an further relief as the Court deems just and proper.

Dated: Buffalo, New York
     April 14, 2009

                                        Respectfully,


                                        /s/ Anthony L. Pendergrass
                                        Anthony L. Pendergrass, J.D., LL.M.
                                        *Attorneys for Plaintiff*
                                        295 Main Street, Suite 984
                                        Ellicott Square Building
                                        Buffalo, New York 14203
                                        (716) 400-3225